IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Corey N. Smalls, #280821, | C/A No.: 8:18-1234-JFA |
| Plaintiff, | |
| v. | **ORDER** |
| Mrs. Jones; Mr. Wingard; and Mr. Peeples; Mrs. Brooker, | |
| Defendants. | |

I. **INTRODUCTION**

The *pro se* Plaintiff, Corey N. Smalls ("Smalls" or "Plaintiff"), is an inmate in the South Carolina Department of Corrections. He brings this action under 42 U.S.C. § 1983, contending Defendants violated his constitutional rights. Plaintiff filed this action *in forma pauperis* under 28 U.S.C. § 1915.[1]

After reviewing the pleadings, the Magistrate Judge assigned to this action[2] prepared a thorough Report and Recommendation ("Report") and recommends summary

---

[1] Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 7). Thus, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint (ECF No. 1) if, after being liberally construed, it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The Court is charged with making a *de*

dismissal of this case. (ECF No. 9). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on May 21, 2018. (ECF No. 9). Plaintiff filed his objections to the Report on June 11, 2018. (ECF No. 11). Thus, this matter is ripe for review.

## II. DISCUSSION

In his Objection to the Magistrate's Report, Plaintiff has made no specific objections. *See* (ECF No. 11). To the contrary, Plaintiff merely recites the circumstances that led him to bring this action, which is largely a reassertion of information he provided in his Complaint. *See* (ECF No. 1-1 p. 1–8). He did not make any arguments regarding the Magistrate's Report. *See id.*

A district court is only required to conduct a de novo review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Va. Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made a specific

---

*novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

There is nothing in the Plaintiff's Objections that could be construed as a specific objection. Without specific objections to the Report, this Court is not required to give an explanation for adopting the Magistrate's recommendation. *See Camby*, 718 F.2d at 199.

Therefore, this matter requires no further review from the Court.

## III. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Magistrate's recommendation (ECF No. 9). Therefore, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

July 16, 2018  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge